UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY KNUTE CONNELL, <br><br>    Plaintiff, <br><br>    v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>    Defendant. | Case No. 05-cv-4122-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 24) of Magistrate Judge Philip M. Frazier recommending that the Court reverse and remand the final decision of the Secretary of Health and Human Services to exclude plaintiff Jeffrey Knute Connell ("Connell") from participating in federal health care programs for a period of five years. Connell has objected to the Report (Doc. 25).

**I.      Report Review Standard**

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court will affirm the Secretary's decision if it is supported by substantial evidence and contains no error of law. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *see* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Clifford*, 227 F.3d at 869 (internal quotations and citation omitted). When it decides whether substantial evidence supports a decision, the Court does not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the Secretary. *Id.*

II.     **The Report and Objection**

The Report sets forth a complete picture of the relevant facts, to which no party has objected, and the Court sees no need to repeat those facts here. Suffice it to say for now that this case stems from the Secretary's decision to exclude Connell, a pharmacist, from participating in any federal health care program, including Medicare and Medicaid, for a period of five years. The Secretary based the exclusion on Connell's criminal convictions for causing a false statement to be made to a Medicaid program and for misbranding prescription drugs with incorrect lot numbers or expiration dates. Connell was convicted in March 2001, but he was not notified that he was excluded from the federal health care programs until February 2004.

The Report finds that Connell's due process rights were not violated because he had no property interest in participating in federal health care programs and that, even if he had had such a property right, he received notice and a meaningful opportunity to be heard before he was excluded from the programs. The Report also finds that there was substantial evidence supporting the Secretary's finding that the crimes of which Connell was convicted "related to the delivery of an item or service" under the Illinois Medicaid program, *see* 42 U.S.C. § 1320a-7(a)(1), not just the storage, handling or misbranding of such items, and that the notice of exclusion sent to Connell was sufficient.

However, the Report also finds that the Secretary has not made reviewable factual findings about whether the delay between Connell's conviction and his exclusion was

reasonable, an issue that was presented in the administrative proceedings.  The Report finds that in the absence of any factual findings by the Secretary on this issue the Court cannot conduct a meaningful "substantial evidence" review under 42 U.S.C. § 405(g).  The Report therefore recommends that the Court remand this case to the Secretary for further proceedings to consider the reasonableness of the administrative delay and for a new decision pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g).[1]  The Report acknowledges that the relevant regulations do not permit an administrative law judge to consider such questions, *see* 42 C.F.R. § 1001.2007(a)(1),[2] but recommends placing the burden on the Secretary to determine the appropriate manner of making the necessary factual findings within the agency.

The objection finds no fault with the Report's conclusion that administrative delay cannot be unreasonable.  However, Connell urges the Court not to remand the matter to the Secretary for further findings but to make the factual finding that the delay was unreasonable.  He argues that a remand is a *de facto* victory for the Secretary because further proceedings on remand are likely to extend beyond the period of Connell's exclusion, rendering the issue moot

---

[1] That provision of the Social Security Act is incorporated into the judicial review proceedings of the sort in the case at bar by 42 U.S.C. § 1320a-7(f)(1).

[2] 42 C.F.R. § 1001.2007(a)(1) states,

Except as provided in § 1001.2003, an individual or entity excluded under this Part may file a request for a hearing before an ALJ only on the issues of whether:

(i) The basis for the imposition of the sanction exists, and

(ii) The length of exclusion is unreasonable.

However, when the exclusion imposed is for the minimal time period, five years, the ALJ may not consider the second factor.  42 C.F.R. § 1001.2007(a)(2).

and depriving Connell of an opportunity to overturn what he believes was an erroneous decision.

The Court cannot do what Connell asks.  While it is sympathetic to Connell's argument that the wheels of justice turn too slowly, it is not empowered to weigh evidence itself and make factual findings.  *Clifford*, 227 F.3d at 869.  That is the exclusive province of the Secretary.  For this reason, the Court must reject Connell's pleas to find facts in this forum.

Connell points to *Hall v. Bowen*, 830 F.2d 906 (8th Cir. 1987), in support of his position that this Court should make the reasonableness determination rather than remand this case.  In that case, it appears that the Secretary may not have addressed the issues before judicial review of his final decision, yet the district court and court of appeals tackled the issue and found no unreasonable delay.  However, this Court cannot square the *Hall* court's decision to resolve new factual issues with the limited review allowed by § 405(g).[3]

Connell's objection also makes perfunctory arguments regarding the Report's other conclusions and supports those arguments by reference to its prior brief.  The Court has considered those issued *de novo* and concludes, for the reasons set forth in the Report, that the Report's conclusions are correct.

### III.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report in its entirety (Doc. 24), **REVERSES** the Secretary's final decision excluding Connell from participating in federal health care programs and **REMANDS** this case to the Secretary for further proceedings and a

---

[3]*Hall* actually appears to work against Connell because the court there held that an excluded party suffered no prejudice from pre-exclusion delay because the Secretary had not yet excluded him from the program.  *Hall*, 830 F.3d at 910.  Without prejudice, setting aside agency action for "lack of punctuality" was improper.  *Id.*  It appears from the record in this case that Connell may have been in the same boat as the plaintiff in *Hall*.

new decision pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Secretary shall evaluate the reasonableness of the 35-month delay between Connell's criminal conviction in March 2001 and his exclusion in February 2004.  In deciding whether the delay was reasonable, the Secretary should consider the relevant circumstances, including the complexity of the issues considered, the volume of materials reviewed, any justification for delay, and the adverse impact on Connell.

**IT IS SO ORDERED.**
**DATED:  April 30, 2007**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**